UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRAVELERS INDEMNITY COMPANY OF CONNECTICUT AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CENTEX HOMES, et al.,**<br><br>**Defendants.** | 1:14-CV-451-LJO-GSA<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS (DOC. 8)** |

This case concerns a dispute between the parties concerning their rights and duties in an underlying action currently pending in Kings County Superior Court. Defendants Centex Homes and Centex Real Estate Corporation ("Centex") construct residential homes throughout California. Plaintiffs are insurance providers and provided insurance to one of Centex's subcontractors, with Centex named as an additional insured under the policy ("the insurance policy").

Centex has been the defendant in a number of cases currently pending in this Court and elsewhere concerning lawsuits over alleged construction defects in the homes Centex has been involved in building and the insurance policies insuring the construction of those homes. Plaintiffs previously brought suit against Centex in this Court for Centex's alleged breach of one of those insurance policies. Centex moved to dismiss Travelers's complaint, which this Court denied on May 15, 2014. *See Travelers v. Centex*, No. 14-CV-217, 2014 WL 2002320 (E.D. Cal. May 15, 2014) ("the *Travelers I* Order"). Plaintiffs brought this essentially identical suit due to Centex's alleged breach of another insurance policy. *See* Doc. 2 at 7.

Centex has also moved to dismiss Plaintiffs' complaint in its entirety. The Court has reviewed

1

the record and the parties' submissions in their entirety and finds that the materials facts of the *Travelers I* case and the arguments Centex made in support of its motion to dismiss that case are essentially identical to those involved in this case. That is, the Court finds that the Order denying Centex's motion to dismiss in the *Travelers I* Order is applicable to Centex's motion to dismiss here.

In addition to arguments made in the *Travelers I* case, Centex argues that the *Travelers I* Order erred in finding that Plaintiffs had stated a cause of action for breach of contract, and therefore should not be followed here. The thrust of Centex's argument is that Plaintiffs' allegation that Centex breached the insurance policy's cooperation clause cannot, as a matter of law, form the basis for a cause of action for breach of contract. Centex provides three primary reasons in support.

First, Centex argues that the *Travelers I* Order failed to "address—or distinguish—the controlling Ninth Circuit authority." Doc. 8 at 4. (citing *Ins. Co. State of Pa. v. The Roman Catholic Archbishop of Los Angeles*, 227 F. App'x 643, 644 (9th Cir. 2007)). In that case, the Ninth Circuit stated that "California courts have long characterized the insured's duty to cooperate as a condition precedent to coverage, *not* as a basis on which to assert an independent cause of action." *Archbishop of Los Angeles*, 227 F. App'x at 644 (emphasis in original).

Second, Centex argues the *Travelers I* Order failed to "grapple with any of the rebuttal authorities set forth in [Centex's] reply brief." Doc. 8 at 11. Centex cites three cases it cited in its reply brief, all from Texas courts. *See id.*

Third, Centex argues that the *Travelers I* Order erred in finding that "a similar—but distinguishable—case *Travelers Property Casualty Co. of America, et al. v. Centex Homes*, C 10-2757 CRB, 2011 WL 1225982 (N.D. Cal. Apr. 1, 2011) ["the Northern District *Travelers* case"], is controlling." *Id.* at 12. Centex argues that the Northern District *Travelers* case is inapplicable here because it "did not involve a cause of action for monetary damages on a breach of contract claim, but this case does," and "that case involved a claim for declaratory relief about the application of an affirmative defense." *Id.*

The Court finds these arguments unpersuasive. First, the Ninth Circuit case *Archbishop of Los*

*Angeles* is unpublished and is therefore not binding precedent. 227 Fed. App'x 643. Moreover, as the Ninth Circuit indicated in that case, whether an alleged breach of a cooperation clause can constitute a viable cause of action is a matter of state law. *See id.* at 644. Centex misconstrues the Ninth Circuit's holding, arguing that the court "held that the insurers [in that case] could only 'present their theories as to how the Archbishop breached its duty to cooperate as a *defense* to liability under the policies.'" Doc. 8 at 14 (quoting *Archbishop of Los Angeles*, 227 Fed. App'x at 644) (emphasis added). However, the full sentence from which Centex selectively quoted reads: "For these reasons, we believe that the California Supreme Court would require plaintiffs to present their theories as to how the Archbishop breached his duty to cooperate as a defense to liability under the policies." *Id.* Because the Ninth Circuit resolved the case on other grounds, *see id.*, the court did not conclude whether the plaintiffs could have stated a cause of action for breach of contract on the ground the defendant breached a cooperation clause in the parties' insurance policy. *Id.* Rather, the court only speculated that the California Supreme Court would not have so allowed. *Id.*

Although Centex has cited a number of cases recognizing an insured's breach of a cooperation clause as a valid affirmative defense for an insurer opposing an insured's action, Centex has not cited (and the Court is unaware of) any binding California precedent holding that an insured's breach of a cooperation clause cannot, as a matter of law, form the basis of an insurer's breach of contract claim. The authorities Centex cites that so hold applied Texas law, not California law, and are therefore not binding on this Court.

The Court did not find the Northern District *Travelers* case to be controlling in the *Travelers I* Order, as Centex asserts. Rather, the Court found that case to be factually similar and its analysis persuasive. Although the plaintiffs in the Northern District *Travelers* case did not allege a separate cause of action for breach of contract,[1] they sought declaratory relief that they no longer owed Centex a duty to defend because Centex had breached the cooperation cause. 2011 WL 1225982, at *1.

---

[1] In the *Travelers I* Order, the Court erred in stating that Centex was "incorrect" for asserting that "the plaintiffs in [the Northern District *Travelers*] case did not sue for breach of contract." *Travelers I* Order at 8, n. 1.

Plaintiffs' breach of contract cause of action alleges that Centex breached the cooperation clause, a contractual provision of the insurance policy. The Court finds no compelling reason why this allegation cannot, as a matter of law, form the basis for both an affirmative defense (if, for example, Centex brought suit or counterclaimed against Plaintiffs) and an independent cause of action against Centex for breach of contract, as Centex asserts. Other federal courts applying California law have found that a plaintiff-insurer's allegation that its insured breached a cooperation clause can constitute a cause of action for breach of contract. *See, e.g., Great Am. Ins. Co. v. Chang*, No. 10-833-SC, 2012 WL 3660005, at *2 (N.D. Cal. Aug. 24, 2012); *see also Travelers Property Cas. Co. of America v. Centex Homes*, No. 11-3638-SC, 2013 WL 1411135, at *4-5 (N.D. Cal. Apr. 8, 2013).

For example, in *Sierra Pac. Indust. v. American States Ins. Co.*, 883 F. Supp. 2d 967, 976-77 (E.D. Cal. Aug. 1, 2012), the plaintiff-insured filed suit against the defendant-insurer. *Id.* at 967. The defendant-insurer filed counterclaims for, among others, breach of contract based on the plaintiff-insured's alleged breach of the cooperation clause found in the parties' insurance policy. *Id.* at 970. The plaintiff-insured hired independent counsel to defend itself in a case and refused to relinquish control of its defense to the defendant-insurer. *Id.* at 970-72. The plaintiff-insured filed suit due to the defendant-insurer's alleged breach of its contractual duty to defend the plaintiff-insured in the underlying litigation. *Id.* at 970. The defendant-insurer filed a counterclaim for the plaintiff-insured's alleged "breach of the duty to cooperate and/or breach of contract, in which [the defendant-insurer] contends that by refusing to relinquish control over the lawsuit and refused to accept panel counsel rates, [the plaintiff-insured] breached its duty to cooperate or otherwise breached the contract with [the defendant-insurer]." *Id.* at 972. The plaintiff-insurer moved to dismiss the claim on the ground that "as an insurer, [the defendant-insurer] cannot maintain a cause of action against its insured for a breach of the cooperation clause." *Id.* at 973. The court denied the motion, reasoning that "[a]t [that] stage of the litigation, the Court [could] not find, as a matter of law, that [the defendant-insurer] cannot state a cause of action for breach of contract." *Id.* at 976-77; *see also Centex Homes v. Lexington Ins. Co.*, No. 3:13-CV-719, 2014 WL 1225501, at *17 (N.D. Tex. Mar. 25, 2014) ("While an insured's breach of a cooperation clause can act

as a defense to its breach of contract claim . . . California courts also recognize an affirmative cause of action, sounding in breach of contract, for the causes of action asserted by Defendant") (citing *id.*).

In *Lexington*, Centex brought suit against its insurer due to the parties' dispute over Centex's defense in underlying litigation.[2] *Id.* at 1-2. As in this case, Centex refused to accept the representation that the defendant-insurer asserted it was entitled to choose under the parties' insurance policy. *Id.* at 2. The defendant-insurer asserted a counterclaim in which it alleged that Centex's "refusal to acknowledge that Defendant has the right to control the defense and select counsel and its insistence that Defendant continue to pay the fees and costs of the law firm selected by [Centex] was a breach of [Centex's] duty to cooperate under the relevant policies." *Id.* at *14.

Notably, the court in *Lexington* explicitly rejected the arguments counsel has put forth here. Counsel for Centex moved to dismiss, arguing that "'the only applicable case law treats cooperation clauses as conditions precedent, relieving an insurer of liability rather than creating an affirmative cause of action against its insured.'" *Id.* at *17 (quoting Centex's motion to dismiss). The court noted that "Texas does not recognize an affirmative cause of action for a breach of cooperation clause or breach of good faith," but held that it differed from California law, which recognizes such a cause of action. *Id.* at 17-18 ("California courts also recognize an affirmative cause of action, sounding in breach of contract, for the causes of action asserted by Defendant"). Finding that California law applied to the defendant's counterclaim, the court denied Centex's motion to dismiss and rejected its argument that the defendant could not "proceed on its breach of duty to cooperate and breach of duty of good faith and fair dealing claims as a matter of law." *Id.* at 19.

Absent controlling authority holding otherwise, the Court rejects Centex's argument that Plaintiffs cannot, as a matter of law, state a claim for breach of contract on the basis of Centex's alleged breach of the cooperation clause.

---

[2] The Court notes that *Lexington* was brought by Centex with the same law firm (albeit with different attorneys at different firm offices), *see* 2014 WL 1225501, yet counsel here did not cite to this case in its pleadings, even though it was decided less than three months ago. The Court ADMONISHES Centex's counsel to respect the limited time and resources of this Court by discontinuing litigation of arguments that it knows (or should have known) are unavailing.

Centex argues that, even if Plaintiffs could state a cause of action for breach of contract, such a claim would be premature because it "hinges on the Court's adjudication of a dispute about whether Centex is entitled to independent counsel [in the underlying action]." Doc. 8 at 16. Centex maintains that "[u]ntil the independent counsel issue is resolve, Plaintiffs cannot allege any lack of cooperation by Centex." *Id.* Centex further argues that "even if the Court were to adjudicate the independent counsel question against Centex, Plaintiffs still could not state a claim unless Centex continued to refuse panel counsel after the Court resolves the issue." *Id.* Further, Centex asserts that Plaintiffs' declaratory relief claim fails because must allege they were prejudiced by Centex's refusal of Plaintiffs' counsel, but they failed to do so.

Finally, Centex asserts that Travelers cannot, as a matter of law, premise a breach of contract claim on Centex's alleged breach of the cooperation clause because "it cannot result in any monetary damages to Travelers." Doc. 11 at 7. Centex claims this is so because any breach of the cooperation clause by Centex could result in Centex losing policy benefits, but "cannot result in any monetary damages to Travelers." *Id.*

The Court finds these arguments are without merit. Although Plaintiffs' breach of contract claim appears contingent on a finding that Plaintiffs are entitled to choose Centex's counsel in the underlying action, this does not render the claim premature. Centex does not dispute that it has already refused to permit Plaintiffs to appoint counsel of their choosing, and Plaintiffs allege that refusal breached the insurance policy's cooperation clause and prejudiced Plaintiffs' ability to provide Centex with a defense. The Court finds these facts alone provide a basis for Plaintiffs to state a claim for breach of contract and for declaratory relief. Plaintiffs need not demonstrate substantial prejudice, as Centex asserts. A showing of substantial prejudice would only be necessary for Plaintiffs to prove they are excused from their duties to defend Centex due to its breach of the cooperation clause. *See Truck Ins. Exch. v. Unigard Ins. Co.*, 79 Cal. App. 4th 966, 976 (2000). At this stage in the litigation, the Court cannot make such findings of fact. The Court notes, however, that other courts have found that Centex's refusal of counsel in similar litigation substantially prejudiced its insurer as a matter of law. *See, e.g., Travelers Property v.*

*Centex Homes*, No. 10-2757, 2011 WL 1225982, at *7, *10 (Apr. 1, 2011).

Likewise, the Court rejects Centex's argument that Plaintiffs have failed to allege they have suffered damages as a result of Centex's alleged breach of the cooperation clause. Plaintiffs allege that, as a result of Centex's alleged breach, Centex insists Plaintiffs pay the fees and costs of Centex's independent counsel, which has impeded Plaintiffs' ability to provide Centex with a defense in the underlying litigation and "a loss of policy benefits." Centex asserts Plaintiffs cannot assert a breach of contract claim based on this alleged breach because it "cannot result in any monetary damages." At this stage in the litigation, the Court cannot make such a factual determination.

Thus, for the foregoing reasons and those more thoroughly discussed in the *Travelers I* Order, Centex's motion to dismiss is GRANTED IN PART and DENIED IN PART. Specifically, the Court DENIES Centex's motion to dismiss Plaintiffs' first and second causes of action and GRANTS Centex's motion to dismiss Plaintiffs' third cause of action. Plaintiffs shall file any amended complaint within 20 days of electronic service of this order, but will be given only one chance to do so if it wishes. This Court is not, and should not be, a service for writing pleadings for parties by having to rule on pleading decisions more than once.

**SO ORDERED**
**Dated: June 18, 2014**

                                          **/s/ Lawrence J. O'Neill**
                                          **United States District Judge**