UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRAVELERS INDEMNITY COMPANY OF CONNECTICUT AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **CENTEX HOMES, et al.,** <br><br> **Defendants.** | 1:14-CV-451-LJO-GSA <br><br> **MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS (DOC. 20)** |

This case concerns a dispute between the parties concerning their rights and duties in an underlying action currently pending in Kings County Superior Court ("the *Numi* action"). Defendants Centex Homes and Centex Real Estate Corporation ("Centex") construct residential homes throughout California. Plaintiffs are insurance providers and provided insurance to one of Centex's subcontractors, with Centex named as an additional insured under the policy ("the insurance policy").

Currently before the Court is Centex's motion to dismiss Plaintiffs' third cause of action in their first amended complaint (Doc. 18 ("FAC")). Doc. 20. The Court has reviewed the papers and has determined that the matter is suitable for decision without oral argument pursuant to Local Rule 230(g).

This case is one of many between the parties currently pending in this Court and elsewhere. The Court has already issued multiple orders in these cases. *See, e.g.*, *Travelers Indem. Co. of Connecticut v. Centex Homes*, No. 1:14-cv-217-LJO-GSA, 2014 WL 3778269 (E.D. Cal. July 30, 2014) ("the *Travelers* case"). The Court has reviewed the record and the parties' submissions in their entirety and finds that the material facts of the *Travelers* case and the arguments Centex made in support of its motion to dismiss in that case are essentially identical to those involved in this case. That is, the Court finds that the Order

1

granting Centex's motion to dismiss Plaintiffs' third cause of action for equitable reimbursement in the *Travelers* case is directly applicable to Centex's motion to dismiss here.

As explained in the *Travelers* case, to state a claim for equitable reimbursement, Plaintiffs must allege that they agreed to defend Centex immediately upon its tender of the *Numi* action to Plaintiffs. Although Plaintiffs allege that they agreed to defend Centex in the *Numi* action, *see* FAC at 14, the FAC provides no facts as to when Centex tendered the *Numi* action or when Plaintiffs agreed to defend Centex in that case. In the absence of any clear allegation that Plaintiffs immediately agreed to defend Centex in the *Numi* action, Plaintiffs' equitable reimbursement claim fails.

Accordingly, the Court GRANTS WITH LEAVE TO AMEND Centex's motion to dismiss Plaintiffs' third cause of action for equitable reimbursement (Doc. 20). Any amended complaint shall be file on or before August 29, 2014.

IT IS SO ORDERED.

Dated:   **August 19, 2014**           /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE